# Exhibit A

STATE OF SOUTH CAROLINA )
) IN THE COURT OF COMMON PLEAS
COUNTY OF DORCHESTER )

CERTIFIED COPY

JANICE DRAYTON        2016 JUN 28) PM 3: 16 CIVIL ACTION COVERSHEET
Plaintiff(s) )
                                                    2016-CP - 18 - 1336
vs.
                            CLERK OF COURT
                            DORCHESTER COUNTY
PALMETTO HEALTH CARE, LLC, PALMETTO )
HALLMARK OPERATING, LLC, HALLMARK
HEALTH CARE CENTER
                            Defendant(s) )

Submitted By: Emily A. Hanewicz              SC Bar #:      102042
Address: 8086 Rivers Avenue, Suite A         Telephone #:   843-553-9800
         N. Charleston, SC 29406             Fax #:         843-553-1648
                                             Other:
                                             E-mail:   ehanewicz@wiggerlawfirm.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as
required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed,
and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  (Check all that apply)
*If Action is Judgment/Settlement do not complete

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION  (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| Warranty (160) | ☐ Other (299) | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) |
| ☒ Employment (180) | | ☐ Other (399) | |
| ☐ Other (199) | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured | ☐ Worker's Comp (960) |
| | | Settlement Payment  Rights | ☐ Zoning Board (970) |
| | | Application (760) | ☐ Public Service Comm (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | ☐ Petition for Workers | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | Compensation Settlement | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | Approval (780) | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in | | |
| ☐ Sexual Predator (510) | an Out-of-County Action (660) | | |
| | ☐ Pre-Suit Discovery (670) | | |

Submitting Party Signature:                      Date:  06/23//2016

SCCA / 234 (06/2015)                                      Page 1 of 3

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1.  The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2.  The initial ADR conference must be held within 300 days after the filing of the action.

3.  Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4.  Cases are exempt from ADR only upon the following grounds:

    a.  Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b.  Requests for temporary relief;

    c.  Appeals

    d.  Post Conviction relief matters;

    e.  Contempt of Court proceedings;

    f.  Forfeiture proceedings brought by governmental entities;

    g.  Mortgage foreclosures; and

    h.  Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5.  In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6.  Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

Please Note:   **You must comply with the Supreme Court Rules regarding ADR.**
              **Failure to do so may affect your case or may result in sanctions.**

CERTIFIED COPY

STATE OF SOUTH CAROLINA     2016 JUN 28   PM 3: 10   IN THE COURT OF COMMON PLEAS

                                                  NINTH JUDICIAL CIRCUIT

COUNTY OF DORCHESTER          *Cheryl Graham*      CASE NO.: 2016-CP-18-1336

                              CLERK OF COURT,
JANICE DRAYTON,               DORCHESTER COUNTY

                    Plaintiff,

          v.                                    **SUMMONS**

PALMETTO HEALTH CARE, LLC,
PALMETTO HALLMARK OPERATING,
LLC, HALLMARK HEALTH CARE
CENTER

                    Defendants.

TO THE ABOVE NAMED DEFENDANTS:

        YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action
of which a copy is herewith served upon you, and to serve a copy of your Answer to said
Complaint upon the subscriber at her office, 8086 Rivers Avenue, Suite A, North Charleston,
South Carolina 29406, within thirty (30) days after service hereof, exclusive of the day of such
service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply
to the Court for the relief demanded in the Complaint.

                                        Respectfully submitted,

                                        **WIGGER LAW FIRM, INC.**


                                        Emily A. Hanewicz, Esquire
                                        South Carolina Bar No.: 102042
                                        8086 Rivers Avenue, Suite A
                                        North Charleston, SC 29406
                                        (843) 553-9800 (telephone)
                                        (843) 553-1648 (facsimile)
                                        Attorney for Plaintiff

North Charleston, South Carolina
This 28th day of June, 2016.

CERTIFIED COPY

STATE OF SOUTH CAROLINA 2016 JUN 28  PM IN THE COURT OF COMMON PLEAS
)
COUNTY OF DORCHESTER    *Cheryl Glen* CASE NO.: 2016-CP-18-1336
CLERK OF COURT
DORCHESTER COUNTY

Janice Drayton,                          )
                        Plaintiff,       )
                                         )
        v.                               )              **COMPLAINT**
                                         )        **JURY TRIAL REQUESTED**
Palmetto Health Care, LLC,               )
Palmetto Hallmark Operating, LLC,        )
Hallmark Health Care Center              )
                                         )
                        Defendants.      )
                                         )
_____  )

The Plaintiff complaining of the Defendant alleges as follows:

1.      Plaintiff, Janice Drayton, is a citizen and resident of Charleston County, South Carolina.

2.      The Defendant, Hallmark Health Care Center, upon information and belief, is a domestic corporation and is operating by virtue of laws of the State of South Carolina, and at all times herein operated as a business within the State of South Carolina and the County of Dorchester.

3.      The Defendant, Palmetto Hallmark Operating LLC, upon information and belief, is a foreign corporation organized under the laws of Delaware and operating in the State of South Carolina in Richland County.

4.      The Defendant, Palmetto Health Care, LLC, upon information and belief, is a foreign corporation organized under the laws of Florida and operating in the State of Florida in Miami-Dade County.

5.      That on or about July 14, 2014, the Plaintiff and the Defendants entered into an employment relationship whereby the Defendants employed the Plaintiff to begin work at that time for an indefinite term.

6.      The Plaintiff was a CNA and was paid biweekly with differential pay for night hours and weekend pay.

7.      That beginning on or around July 14, 2014, the Plaintiff did work above and beyond the forty hours a week and did not get paid time and a half for those hours.

8.      On or between the dates of July 14, 2014 and July 23, 2015 the Plaintiff was paid only differential pay for the hours she worked above forty hours a week.

9.      The Plaintiff does believe other employees were getting paid time and half for over time.

10.    The Plaintiff's paychecks are proof of nonpayment of overtime pay.

11.    That on or about July 23, 2015, the Plaintiff did resign from Defendants' company.

## FOR A FIRST CAUSE OF ACTION
### Violation of South Carolina Payment of Wages Act

12.    The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

13.    The Defendants wrongfully withheld the Plaintiff's wages and the Defendants should be required to pay the Plaintiff for all wages owed to her, plus interest.

14.    The Plaintiff is entitled to an award of damages against the Defendants in an amount to be determined by the trier of fact, also because the damages relate to wages owed to her, the Plaintiff is entitled to treble damages pursuant to the South Carolina Payment of Wages Act, South Carolina Code of Laws Sec. 41-10-80, 1976, as amended, plus attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Violation Of Fair Labor Standards Act

15.    The Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

16.    The Plaintiff was working for the Defendants and accrued earned wages and overtime pay. The Defendants have failed and continue to fail to pay the wages owed to the Plaintiff in violation of the Fair Labor Standards Act of 1938 (FLSA).

17.    The Plaintiff is informed and believes that the Defendants were unjustly enriched in maintaining wages which rightfully belong to the Plaintiff pursuant to the FLSA.

18.    As a direct and proximate result of the acts, omissions, and practices of the Defendants, the Plaintiff sustained a loss of income and wages.

19.    As a direct and proximate result of the acts and practices of the Defendants, the Plaintiff is informed and believes she is entitled to an award of damages, liquidated damages, treble damages, prejudgment interest, costs, legal fees, and any other damages to which she may be entitled as determined by the trier of fact.

## FOR A THIRD CAUSE OF ACTION
### Conversion

20.    The Plaintiff realleges and incorporates by reference the allegations contained hereinabove as if fully set forth herein.

21.    The Defendants committed conversion against the Plaintiff in the following particulars to wit:

   a) In wrongfully withholding the Plaintiff's money from her possession;

   b) In withholding the Plaintiff's money with the intent to permanently deprive and defraud the Plaintiff of the use and benefit of the money; and

   c) In withholding the Plaintiff's property with the intent to permanently appropriate the property for the use of the Defendants or any other person other than the Plaintiff.

22.    The Defendants also committed conversion against the Plaintiff by not surrendering the money upon her request for wages owed to her.

23.    The Defendants converted said funds to their own use.

24.    The Defendants actions were without right or justification and constituted the conversion of the Plaintiff's property.

25.    The Defendants acted maliciously and in bad faith in that they knowingly converted the Plaintiff's funds when in the exercise of reasonable care they should have known their actions were wrongful.

26.    That as a direct and proximate result the Plaintiff has suffered a loss of income and has been otherwise injured and damaged in such amount as a judge and jury may determine.

## FOR A FOURTH CAUSE OF ACTION
### Unjust Enrichment

27.    The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

28.    Based upon the agreement between the Plaintiff and the Defendants, the Plaintiff performed services for the Defendants in exchange for a sum of wages, plus benefits pursuant to the agreement.  The Defendants have failed and continue to fail to pay the monies owed to the Plaintiff as agreed.

29.    The Defendants were unjustly enriched in maintaining wages which rightfully belong to the Plaintiff.

30.    As a result of the Defendants' unjust enrichment, the Plaintiff is entitled to an award of damages against the Defendants in an amount to be determined by the trier of fact.

31.    That as a direct and proximate result of said conduct on the part of the Defendants, their agents and servants, the Plaintiff has been damaged as aforesaid, both actual and punitive, in such amount as a judge and jury may award.

WHEREFORE, Plaintiff prays for the following relief:

1.    Judgment in favor of the Plaintiff and against the Defendants for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2.    Prejudgment interest, costs and attorneys fees as may be allowed by law;

3.    Judgment in favor of the Plaintiff and against Defendants for past wages, benefits and overtime and any other work benefits she lost in an amount to be determined by the trier of fact;

4.    Judgment against the Defendants for actual damages, punitive damages, legal fees, costs and any other relief this Honorable Court deems just and proper.

Respectfully submitted,

Emily A. Hanewicz
8086 Rivers Avenue, Ste A
North Charleston, SC  29406
(843) 553-9800
Attorney for Plaintiff

North Charleston, South Carolina
This 23rd day of June, 2016.

# Exhibit B

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
                        )  FIRST JUDICIAL CIRCUIT
COUNTY OF DORCHESTER    )

Janice Drayton,                  )
                                 )
                  Plaintiff,     )
                                 )          Civil Action No. 2016-CP-18-1336
       v.                        )
                                 )          **NOTICE OF FILING NOTICE**
Palmetto Health Care, LLC, Palmetto )       **OF REMOVAL**
Hallmark Operating, LLC, Hallmark  )
Health Care Center,              )
                                 )
                  Defendants.    )
_____)

TO:    The Honorable Cheryl L. Graham
       Dorchester County Clerk of Court
       5200 E Jim Bilton Boulevard
       St. George, SC  29477

       PLEASE TAKE NOTICE that Defendants, on the 17th day of August 2016,

electronically filed their Notice of Removal, a copy of which is attached hereto as Exhibit A,

with the United States District Court for the District of South Carolina, Charleston Division.

       Dated this the 17th day of August 2016.


                          Respectfully submitted,

                          OGLETREE, DEAKINS, NASH,
                          SMOAK & STEWART, P.C.


              By:     _____
                      D. Michael Henthorne (SC Bar No. 6719)

                      **ATTORNEYS FOR DEFENDANTS**


First Base Building
2142 Boyce Street – Suite 401
Columbia, SC  29201
803.252.1300 (telephone)
803.254.6517 (facsimile)
michael.henthorne@ogletreedeakins.com

## CERTIFICATE OF SERVICE

I, Beth Swalgren, do hereby certify that the forgoing **NOTICE OF FILING NOTICE OF REMOVAL** has been served upon the following persons by certified mail, return receipt requested and with the correct amount of postage affixed thereto:

Emily A. Hanewicz, Esq.
Wigger Law Firm
8086 Rivers Avenue – Suite A
North Charleston, SC  29406

Dated this 17th day of August 2016.

Beth Swalgren
*Legal Assistant to D. Michael Henthorne*

First Base Building
2142 Boyce Street – Suite 401
Columbia, SC  29201
803.252.1300 (telephone)
803.254.6517 (facsimile)
beth.swalgren@ogletreedeakins.com